IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN HORANY | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| EXXONMOBIL GLOBAL | § | |
| SERVICES, CO., | § | |
|     Defendant. | § | |

**DEFENDANT EXXONMOBIL'S NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant ExxonMobil Global Services Company ("Defendant" or "ExxonMobil") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and respectfully shows as follows:

**I.
PROCEDURAL BACKGROUND**

1.      On September 28, 2016, Plaintiff Dan Horany ("Plaintiff" or "Horany") filed his Original Petition in Cause No. DC-16-12791 in the 44th Judicial District Court of Dallas County, Texas (the "State Court Action").

2.      On November 4, 2016, ExxonMobil filed its Original Answer, Special Exceptions, Affirmative Defenses, and Requests for Disclosure.

3.      ExxonMobil will promptly file this Notice of Removal in the State Court Action with the clerk of the State Court and will give written notice to Plaintiff of the same.

**II.
NATURE OF THE SUIT**

4.      Plaintiff's claims against ExxonMobil arise, in part, under 29 U.S.C. §1140. Plaintiff alleges that ExxonMobil terminated his employment "to prevent Plaintiff from attaining

pension benefits."[1] Plaintiff additionally alleges ExxonMobil terminated his employment on the basis of age in violation of Texas Labor Code § 21.051, but does not provide a factual basis for the same. Plaintiff also brings claims for breach of contract, invasion of privacy, and intentional infliction of emotional distress. Additionally, Plaintiff alleges quantum meruit for "retirement benefits"[2] that Plaintiff claims were part of his compensation for services provided. Plaintiff's seeks monetary damages as well as "employment benefits, past and future."[3]

### III.
### BASIS OF REMOVAL

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because this matter presents a federal question concerning a cause of action created by federal law and Plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law. Specifically, Plaintiff alleges that Defendant unlawfully discharged and/or discriminated against Plaintiff for the purpose of interfering with Plaintiff's attainment of benefits under Defendant's pension plan.[4] Because Plaintiff's claims "relate to" Defendant's pension benefit plan; pursuant to 29 U.S.C. §1144, Plaintiff's claims are preempted by federal law.[5] Moreover, when a civil action includes a claim arising under the laws of the United States as well as a claim not within the original or supplemental jurisdiction of the district court the entire action is still removable pursuant to 28 U.S.C. §1441(c). Additionally, when a civil action includes a claim arising under the laws of the United States, as well as a claim that has not been

---

[1] *See* Exhibit B, Plaintiff's Original Petition& Request for Disclosure, paragraph 9.
[2] *See* Exhibit B, Plaintiff's Original Petition& Request for Disclosure, paragraph 11.
[3] *See* Exhibit B, Plaintiff's Original Petition& Request for Disclosure, paragraph 19(b).
[4] 29 U.S.C. §1140; *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990) ("a claim that the employer wrongfully terminated plaintiff primarily because of the employer's desire to avoid contributing to, or paying benefits under, the employee's pension fund 'relates to' an ERISA-covered plan within the meaning of § 514(a), and is therefore pre-empted"); 29 U.S.C. §1332.
[5] *See also*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court").

made removable by statute, the entire action is still removable pursuant to 28 U.S.C. §1441(c).[6]

## IV.
## REMOVAL IS PROCEDURALLY CORRECT

6. On or about October 13, 2016, ExxonMobil was served with this lawsuit. This Notice of Removal is filed within the thirty (30) day statutory time period pursuant to 28 U.S.C. §1446(b).

7. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, all pleadings, process orders, and all other filings in the State Court Action are attached to this Notice. Copies of the pleadings filed in the State Court Action are as follows:

- Exhibit A – The Index of Matters Being Filed;

- Exhibit B – Plaintiff's Original Petition and Request for Disclosure;

- Exhibit C – Return of Service;

- Exhibit D – Defendant ExxonMobil's Original Answer, Special Exceptions, Affirmative Defenses, and Requests for Disclosure;

- Exhibit E – State Court's Docket Sheet; and

- Exhibit F – List of All Counsel of Record.

8. Pursuant to 28 U.S.C. §1446(a), Defendant removes this matter to the Dallas Division of the Northern District of Texas United States District Court because it is the district within which Plaintiff's lawsuit is pending.

9. Pursuant to 28 U.S.C. §1446(d), Defendant will provide written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk in the State Court Action.

---

[6] According to 28 U.S.C. §1441(c), if the action would be removable without the inclusion of claims that are not within the original or supplemental jurisdiction of the district court or claims not made removable by statute, the entire action can be removed despite the inclusion of those claims.

# V.
# PRAYER

WHEREFORE, Defendant ExxonMobil Global Services Company, respectfully requests that the above entitled action be removed from the 44th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By: ___/s/ Diana Pérez Gomez___
     Diana Pérez Gomez
     State Bar No. 24041674
     Federal I.D. No. 606231
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
Email: gomez@mdjwlaw.com

**ATTORNEY IN CHARGE FOR DEFENDANT EXXONMOBIL GLOBAL SERVICES COMPANY**

**OF COUNSEL:**
Mark Dyer
State Bar No. 06317500
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
Tollway Plaza I
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone: (214) 420-5510
Facsimile: (214) 420-5501
Email: dyer@mdjwlaw.com

Evan C. Blankenau
State Bar No. 24092142
Federal I.D. No. 2507901
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor

Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
Email: blankenau@mdjwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent via facsimile and email on this 11th day of November, 2016, to:

| | |
|---|---|
| Ryan Sorrells | *Via Facsimile: (214) 943-7536* |
| Law Offices of Domingo Garcia, P.C. | *Via Email: dallasoffice@dgley.com* |
| 400 S. Zang Blvd. | |
| 6th Floor, Suite #600 | |
| Dallas, Texas 75208 | |
| Email: dallasoffice@dgley.com | |
| ***Attorney for Plaintiff Dan Horany*** | |

                                                */s/ Diana Pérez Gomez*
                                                 Diana Pérez Gomez