# EXHIBIT B

FILED
DALLAS COUNTY
9/28/2016 4:04:50 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

CAUSE NO. DC-16-12791

| | | |
|---|---|---|
| DAN HORANY,<br>Plaintiff, | § § § § | IN THE DISTRICT COURT |
| VS. | § § | _____ DISTRICT COURT |
| EXXONMOBIL GLOBAL<br>SERVICES CO.,<br>Defendants. | § § § | DALLAS COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION<br>& REQUEST FOR DISCLOSURE**</u>

**TO THE HONORABLE JUDGE OF THIS COURT:**

    **COMES NOW**, Dan Horany ("Plaintiff"), complaining of and against ExxonMobil Global Services Co. ("Defendant"), and would respectfully show the Court as follows:

**I.<br><u>DISCOVERY CONTROL PLAN</u>**

1.    Plaintiff submits this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

**II.<br><u>RELIEF</u>**

2.    Plaintiff seeks monetary relief over $200,000 but less than $1,000,000.

**III.<br><u>JURISDICTION</u>**

3.    This Court has jurisdiction because Plaintiff's damages are within the jurisdictional limits of this Court.

## IV.
## VENUE

4. All or a substantial part of the events giving rise to this claim occurred in Dallas County. Therefore, venue is proper in Dallas County pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## V.
## PARTIES

5. Plaintiff, Dan Horany, is an individual domiciled in Dallas County, Texas.

6. Defendant, ExxonMobil Global Services Co., is a Delaware Corporation doing business in Texas that may be served with process by serving registered agent, Corporation Service Company, 211 E. 7th Street, Suite #620 Austin, Texas, 78701 or wherever it may be found. **Issuance of citation is requested at this time.**

## VI.
## JURY DEMAND

7. Plaintiff hereby respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## FACTS

8. On or about December 31, 2014, eleven months before Plaintiff was eligible for retirement, Defendant fired Plaintiff. Plaintiff had worked for Defendant for over twenty-one years. Defendant allegedly fired Plaintiff for an ethical violation. However, ethical violations were regularly left unpunished by Defendant. After firing Plaintiff, Defendant's agent employee sent a letter to Plaintiff's relatives that contained derogatory statements and disclosed personal information about Plaintiff's medical history, which resulted in injuries to Plaintiff.

## VIII.
## WRONGFUL DISCHARGE

9. Defendant is an employer within the meaning of Chapter 21 of the Texas Labor Code. Plaintiff says that the reason given for Plaintiff's termination was a mere pretext and that Plaintiff was actually terminated because of Plaintiff's age or to prevent Plaintiff from attaining pension benefits. Within Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. However, the Equal Employment Opportunity Commission failed and refused to issue a notice of right to sue with respect to her charge of discrimination and retaliation.

## IX.
## BREACH OF CONTRACT

10. Alternatively, Plaintiff and Defendant had an enforceable employment contract that limited Defendant's right to discharge Plaintiff at will. Plaintiff and Defendant were in privity. Plaintiff performed and was excused from certain ethical contractual obligations because of Defendant's conduct of regularly allowing ethical violations (waiver). Defendant breached the contract by wrongfully discharging Plaintiff, which caused Plaintiff's injury.

## X.
## QUANTUM MERUIT

11. Alternatively, Plaintiff provided valuable services to Defendant, including creating a database used to track payables in order to ensure better control. Defendant accepted and still uses these services and was on reasonable notice that Plaintiff's retirement benefits were part of the compensation for the services provided.

## XI.
## INVASION OF PRIVACY

12  Defendant, acting through its agent employee, mailed a letter that was derogatory toward Plaintiff to Plaintiff's family members. The letter contained private information about Plaintiff's medical conditions. Defendant intentionally intruded on Plaintiff's solitude, seclusion, and private affairs and the intrusion would be highly offensive to a reasonable person, which resulted in Plaintiff's injury.

## XII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

13.  Alternatively, to the extent that no alternative cause of action would provide a remedy, Plaintiff, a person, was injured when Defendant, acting through its agent employee, intentionally or recklessly, mailed a letter that was derogatory toward Plaintiff to Plaintiff's family members. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff's injuries, including severe emotional distress.

## XIII.
## EXEMPLARY DAMAGES

14.  Defendant's conduct entitles Plaintiff to recover exemplary damages under section 41.003 of the Texas Civil Practice and Remedies Code. Plaintiff seeks recovery of exemplary damages for harm that was the direct result of Defendant's gross negligence.

15.  Defendant's acts and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, such as Plaintiff. Defendant had actual, subjective awareness of the risks involved, but nevertheless preceded with wanton disregard and conscious indifference for the rights, safety, and welfare of others. As such, Plaintiff requests the trier of fact to punish and deter Defendant and others like him from such conduct in the future.

Plaintiff, therefore, will seek damages in an amount to be determined by the trier of fact, commensurate with:

- a. the nature of the wrong committed by Defendant;
- b. the character of Defendant's course of conduct;
- c. the degree of culpability of the wrongdoer herein;
- d. the helpless and dependent nature of the victim in this case; and,
- e. the severity, frequency, degree, and extent that Defendant's such conduct described herein above offends a public sense of justice and propriety.

## XIV.
## RESPONDEAT SUPERIOR

16. Acts and omissions of Defendant's employees, during the course and scope of employment, injured Plaintiff. Therefore, Defendant is vicariously liable.

## XV.
## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

17. Plaintiff requests that Defendant disclose the information and material described in Texas Rule of Civil Procedure 194.2(a)-(l). Additionally, Plaintiff requests that Defendant disclose all documents, electronic information, and tangible items that are in Defendant's possession, custody, or control and may use to support its claims or defenses. Defendant's responses shall be delivered to Plaintiff's attorney of record at 400 S. Zang Boulevard, 6th Floor, Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof. Plaintiff also requests that Defendant supplement responses to this Request for Disclosure, as provided by Texas Rules of Civil Procedure 192, 193, and 194.

## XVI.
## NOTICE OF USE OF DOCUMENTS

18.  Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendant that Plaintiff intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XVII.
## PRAYER

19.  THEREFORE, Plaintiff seeks monetary relief of over $200,000 but less than $1,000,000. Specifically, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

   a. Mental/emotional anguish, inconvenience, anxiety, loss of enjoyment of life, humiliation, and the like, past and future

   b. Back pay, reinstatement or front pay, loss of earnings and earning capacity, and employment benefits, past and future;;

   c. Monetary damages for past and future mental anguish found to be reasonable and just by the trier of fact;

   d. Expectancy damages of $300,000.00;

   e. Reliance damages;

   f. Restitution damages;

   g. Pre and post judgment interest at the maximum legal rate;

   h. Attorney's fees and costs of Court;

   i. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By: _____
Ryan Sorrells
State Bar No. 24079370
400 S. Zang Blvd.
6th Floor, Suite #600
Dallas, Texas 75208
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: dallasoffice@dgley.com

**ATTORNEY FOR PLAINTIFF**